JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7513 PA (MRWx) | Date | August 20, 2020 |
|---|---|---|---|
| Title | Ramon Pastrano v. Roadrunner Transportation Systems, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendant Roadrunner Transportation Services, Inc. (doing business as Roadrunner Freight) ("Removing Defendant"). Removing Defendant contends that this Court possesses diversity jurisdiction over the action filed by plaintiff Ramon Pastrano ("Plaintiff") against Removing Defendant and its codefendants Roadrunner Transportation Systems, Inc. ("Roadrunner Systems") and Darril Hough, based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

     "Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     To invoke this Court's diversity jurisdiction, Removing Defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7513 PA (MRWx) | Date | August 20, 2020 |
|---|---|---|---|
| Title | Ramon Pastrano v. Roadrunner Transportation Systems, Inc., et al. | | |

The Notice of Removal alleges: "Upon information and belief, and at all times relevant to this action, Plaintiff has been a resident of California. See Exhibit A, Complaint, ¶ 2. Consequently, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff is a citizen of California." Because an individual is not necessarily domiciled where he or she resides, Removing Defendant's allegations concerning the citizenship of Plaintiff, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Removing Defendant's allegations related to Plaintiff's residence, made on information and belief, are insufficient to invoke this Court's diversity jurisdiction.

Even if Removing Defendant had properly alleged Plaintiffs' citizenship in California, it still would not have made a sufficient showing that there is fraudulent joinder in this case. The Ninth Circuit recognizes an exception to the complete diversity requirement where a defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id. (citing Archuleta v. American Airlines, Inc., No. CV 00-1286, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7513 PA (MRWx) | Date | August 20, 2020 |
|---|---|---|---|
| Title | Ramon Pastrano v. Roadrunner Transportation Systems, Inc., et al. | | |

  While a court can look at evidence including declarations, a court should remand a case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Morris, 236 F.3d at 1066. "Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. 13CV4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (quotations omitted).

  Removing Defendant contends that the Court should disregard the citizenship of defendant Darril Hough because, according to a Declaration supplied by Removing Defendant's corporate counsel, Removing Defendant has no record of having employed a "Darril Hough," whom the Complaint identifies as a General Manager who allegedly harassed Plaintiff. Removing Defendant asserts that because it never employed an individual by the name of "Darril Hough," he is fraudulently joined. The Court concludes that Removing Defendant's argument concerning the allegedly fraudulent joinder of "Darril Hough" does not satisfy Removing Defendant's "heavy burden of persuasion" to establish fraudulent joinder. Removing Defendant has not, for instance, established that the Complaint does not merely contain a misspelling of "Darril Hough" or otherwise misidentifies the allegedly harassing supervisor. At most, Removing Defendant has identified a disputed question of fact that "requires a searching inquiry into the merits of the plaintiff's case." Morris, 236 F.3d at 1066. At a minimum, Removing Defendant has not shown that Plaintiff would not be granted leave to amend to cure the deficiency identified by Removing Defendant. See Nation, 2013 WL 12144106, at *2 ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency.").

  Because neither the Complaint itself nor any evidence submitted in support of the Notice of Removal forecloses the possibility that Plaintiff would be granted leave to amend to cure any purported deficiency, Removing Defendant's fraudulent joinder argument and allegations of diversity jurisdiction fail. The Court therefore concludes that Removing Defendant has failed to establish that complete diversity exists. See 28 U.S.C. § 1447(c). Accordingly, the Court remands this action to the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV20505, for lack of subject matter jurisdiction.

  IT IS SO ORDERED.